[No. 2,791.]

## A. GRAEBER v. M. S. DERWIN.

DAMAGES FOR INJURY TO THE PERSON.—A person injured by the fall of an awning, in process of erection in front of a store, and who sues the person who was erecting the same for damages, is not entitled to include in his damages the sum paid for his board during the time he was disabled.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*J. G. Lawton* and *J. McKenna,* for Appellant.

*Goodwin & Gregory,* for Respondent.

By the Court, NILES, J.:

This was an action for damages for personal injuries occasioned by the fall of an awning, in process of erection in front of the store of defendant.

Upon the question of the measure of damages the Court instructed the jury that if they should find for the plaintiff, "they should allow him as damages the value of his time during the period that he was disabled from following his avocations; also, should take into consideration the sums actually paid out, if any, for his board and expenses," etc.

The plaintiff was, no doubt, entitled to compensation for the value of his lost time and the expenses of his cure. These losses were the necessary consequences of the supposed negligence of the defendant. But the sum paid for his board during the time he was disabled was not an expense caused either immediately or remotely by the injury. If it had appeared that the expenses of living were increased by reason of the illness resulting from the injury, there

would have been plausible ground for claiming the excess as an item of damage. But it seems that the cost of board during the period of his incapacity for labor was less than when he was in perfect health. He would receive double damages if allowed the expense for his living, in addition to the value of his time.

We see no other material errors in the rulings of the Court.

Judgment reversed, and cause remanded for a new trial.