### S. H. REEVES v. PINCKNEY WINN.

*Slander—Evidence—Vindictive Damages.*

1. In an action for slander, evidence of the pecuniary condition of the *defendant* is competent to increase the damages, when the plaintiff is entitled to vindictive or punitory damages, but the pecuniary condition of the *plaintiff* is not competent for such purpose, while it may be to show actual damage.

2. Vindictive or punitory damages are allowed when the misconduct is marked by malice, oppression, or gross and wilful wrong, and the law allows these damages, not simply to compensate the party injured, but to punish the wrong-doer.

3. *It seems*, that where the action is for a personal injury, as where by assault and battery or by the negligence of the defendant the plaintiff has been crippled so that he is unable to work, he may show the nature of his business and the value of his personal services, the loss of which may be more disastrous to a poor man than to one of wealth, but this is only for the purpose of showing actual damage.

(*Adcock* v. *Marsh*, 8 Ired., 360; cited and approved).

This was a CIVIL ACTION to recover damages for slanderous words spoken by the defendant of the plaintiff, tried before *Shepherd, Judge,* at January Term, 1887, of WAYNE Superior Court.

The slanderous words complained of are fully charged in second, third, and fourth allegations of the complaint. The answer of the defendant admits that the words charged were spoken by him, but denies that they were false and malicious, or slanderous, and sets out in detail and at considerable length, alleged facts and circumstances in justification of their use.

Issues were submitted to a jury, and in response they found that the defendant, in using the words set forth in the second and third allegations of the complaint, intended to charge that the plaintiff did wilfully, wantonly and felo-

niously burn the houses mentioned in the complaint, and that this charge was false and malicious.

The defendant relied on his plea of justification, and in support of it, introduced much testimony tending to show that J. H. Hollowell and the plaintiff conspired to burn the houses mentioned in the pleadings, and also testimony to show that J. H. Hollowell procured the plaintiff to burn, and that the plaintiff did burn them.

Upon the trial, the plaintiff offered himself as a witness in his own behalf, and, for the purpose of assessing vindictive damages, was asked the following question: "What was your pecuniary condition at the time of the using of said words?" This was objected to by the defendant. The objection was overruled, and the plaintiff answered: "I have nothing, except what is necessary to get along with. I have no property." The defendant excepted.

The plaintiff introduced one Henry Lee, and asked him if he knew the general character of J. H. Hollowell. This was objected to by the defendant. The objection was overruled, and the witness was permitted to testify that the character of J. H. Hollowell was good. The defendant excepted.

Said Hollowell was not introduced as a witness, but the defendant offered evidence tending to establish the truth of all the matter alleged in the answer, in justification and mitigation, and that the plaintiff was employed as a clerk by J. H. Hollowell about a week before the fire.

The pleadings were not offered in evidence, but defendant's counsel argued in support of justification as well as in mitigation. The Court, among other things, charged the jury, "that they must be satisfied that defendant, in speaking the words, intended to charge the plaintiff as stated in the *innuendoes*, and that if they so found, and that said charges were false, the law presumed malice, and that plaintiff would

at least be entitled to nominal damages. That if there was actual malice they might give vindictive damages."

In telling the jury what circumstances they might consider on the question of vindictive damages if they found actual malice, the Court said: " If the jury believe from the evidence, and from the facts and circumstances proved on the trial, that when the defendant filed his plea of justification he had no reasonable hope or expectation of proving the truth of it, and if the jury believed from the evidence that the defendant is guilty of the slander charged in the complaint, they may, in fixing the amount of the plaintiff's damages, consider this fact as a circumstance. That although they should find from the evidence, that the defendant has not sustained his plea of justification, still the fact that he has filed such plea, should not of itself be regarded by the jury as an aggravation of the original offence, if they believe from the evidence that it was filed in good faith and with an honest belief on the part of the defendant that he would be able to sustain the plea by evidence.

There was a verdict for the plaintiff.

Motion for a new trial by the defendant for error in receiving testimony as to the pecuniary condition of the plaintiff and as to the character of J. H. Hollowell, and for error in the charge of the Court upon the effect of the plea of justification. Motion overruled. Judgment for plaintiff. Appeal by defendant.

*Messrs. E. R. Stamps* and *C. B. Aycock,* for the plaintiff.
*Mr. W. R. Allen,* for the defendant.

DAVIS, J., (after stating the facts). We think there was error in admitting testimony as to the *pecuniary* condition of the plaintiff for the purpose of showing vindictive damages.

In a certain class of cases, slander among them, when the offence is marked by malice, oppression, or gross and wilful wrong, the jury may give damages, not simply to compensate the party injured, but *vindictive* damages to *punish* the wrong doer, and to that end, it may be competent to show the pecuniary condition of the defendant, as was held in *Adcock* v. *Marsh,* 8 Iredell, 360. If the purpose is to *punish* the defendant, it will at once occur to every intelligent mind, that his pecuniary condition is a matter properly to be considered by the jury in determining the punishment. A verdict for a large sum, rendered against a man of large wealth, would be a less punishment than a verdict for a small sum against a poor man, but we are unable to see how the *punishment* of the defendant can be determined by the pecuniary condition of the plaintiff. The plaintiff is entitled to a verdict for all the *actual* damages sustained by him, without reference to the pecuniary condition of himself or of the defendant, and if the conduct of the defendant has been such as to warrant *vindictive* damages, the jury may add to the actual damages, by giving such additional sum by way of *punishment* to the defendant, as they may deem just; and for the purpose of ascertaining this, there is good reason why they should know the pecuniary condition of the *defendant,* but none why they should know or consider the pecuniary condition of the *plaintiff,* unless it can be made to appear that an equal amount of damages, if paid to one man, would be a greater or less punishment than if paid to another. There was a time when the slander of the great and rich, was held to be a more aggravated offence and meriting greater punishment than the slander of the humble and the poor, but in this day and country there is no such thing as "*Scandalum Magnatum*" on the one side, nor is there on the other, any law that discriminates in favor of or against the poor man, simply because he is poor. In meting out punishment, whether in imposing fines and penal-

ties on the criminal side of the docket, or giving punitive and exemplary damages for malicious wrongs to individuals in civil actions, it is necessary to know the pecuniary circumstances of the defendant, because a small fine or slight damages might be heavier punishment to a man of small means, than a heavy fine or damages would be to a man of wealth, but whether the fine or damages go to a poor man or to a rich man, the punishment is the same to the party who has it to pay. Odgers on Libel and Slander, 292, says, "in fact, although in theory it is the duty of the jury to give such damages as will fairly compensate the plaintiff for the injury he has sustained, yet in justice, juries frequently, especially when the defendant has acted with clear and express malice, give vindictive damages, which are clearly meant, not so much as a compensation to the plaintiff for his loss, as a punishment to the defendant for his misconduct." The question is discussed at great length in the notes to the case of *Rome* v. *Moses*, 67 American Decisions, 560, cited by counsel for plaintiff, and while the decisions are both ways, it seems pretty well settled, by the weight of authority and by reason, that in proper cases for vindictive damages, the pecuniary condition of the defendant may be given in evidence, but it is there said : " The pecuniary circumstances of the plaintiff are admitted in evidence much less often than those of the defendant," and the cases relied on are nearly, if not all, for injuries to persons, and it is said that the evidence " is usually admitted, if at all, on the ground that the pecuniary circumstances of the plaintiff are directly involved in estimating the damages caused by the tortious act, the poverty of the plaintiff making the injury the greater," as for instance, where, by an assault or battery, or the gross negligence of the defendant, the plaintiff has been so crippled and disabled as to be unable to work, and in such cases, he may show the nature of his business, and the value of his *personal* services, the loss of which may be more disas-

trous to a poor man than to one of wealth, and these may properly come under the head of actual or special damages, and nearly all the cases cited by the counsel for the plaintiff, and which are referred to in *Rome* v. *Moses, supra,* are of this class.

In *Ware* v. *Cartledge,* 60 Am. Dec., 489, the pecuniary circumstances of the plaintiff were held to be inadmissible in an action for slander, while in *Clements* v. *Mahoney,* 55 Mo., 352, and *Sheets* v. *Barrets,* 7 Pick., 82, referred to in note to *Rome* v. *Moses,* it was held differently.

The question, so far as our researches go, is an open one in this State, for the pecuniary condition of the *defendant,* not the *plaintiff,* was the point decided in *Adcock* v. *Marsh, supra,* and we think the better reason would exclude evidence as to his pecuniary condition, where the only purpose of it is to increase vindictive damages, as in this case. We say only purpose, because there may be cases in which it may be proper, in determining his actual damages. There was error in admitting testimony as to the pecuniary condition of the plaintiff, and the defendant is entitled to a new trial.

This renders it unnecessary for us to consider the other exception presented in the record.

There is error. Let this be certified.

Error.                          Reversed.