H. B. VEDDER, Appellee, v. JOHN DELANEY, Appellant.

Personal Injury: DAMAGES: EVIDENCE.     In an action for a personal injury, only the reasonable value of the expense incurred for nursing, care and treatment can be recovered, yet proof of the amount paid or agreed to be paid for such necessary services is competent.

Evidence: ADMISSION OF. Where only a general objection is made to an entire offer of evidence, a portion of which is competent, there is no error in admitting the evidence as offered.

Same.     The admission of clearly harmless evidence, though erroneous, and the exclusion of testimony which is merely cumulative and having but a remote bearing upon the real issue, is not prejudicial error.

Evidence: CARE AND TREATMENT. In an action for injuries, the result of negligence, the plaintiff is not restricted in his proof of the reasonable value of his necessary care and treatment to its value in the neighborhood in which the injury occurred, if the service was rendered elsewhere.

Verdict: REMISSION OF IMPROPER ITEM.     Where an item of expense for care in a personal injury action is excluded, but by mistake a statement of the same is sent out with other exhibits to the jury, the error is cured by a remission from the verdict of an amount equal to such item.

Damages: INSTRUCTION. In an action for personal injury,
6   an in an instruction that plaintiff may recover as dam-
    ages "his reasonable and necessary expenses, if any, for
    medical treatment," is not error, though there is no evidence
    of a charge for medical services.

Damages: BOARD AND KEEPING: EVIDENCE. In an action for per-
7   sonal injury, "board and keeping" is not an element of dam-
    age, unless it is shown that extra expense therefor was incur-
    red on account of the injury.

*Appeal from Plymouth District Court.*—HON. JOHN F. OLIVER, Judge.

THURSDAY, FEBRUARY 4, 1904.

ACTION for damages on account of personal injury. Verdict and judgment for plaintiff, and defendant appeals. —*Reversed.*

*Zink & Roseberry* for appellant.

*Geo. A. Jeffers* and *J. U. Sammis* for appellee.

WEAVER, J.—Plaintiff alleges that he was employed by defendant to labor as a farm hand; that, in the course of such employment, defendant ordered him to carry a basket of corn into a stall where two horses were tied; that, in obedience to said order, he passed into the stall between the horses when the defendant willfully and negligently struck one of the horses with a cane or stick, causing the animal to kick and trample upon the plaintiff, breaking his leg and otherwise bruising and injuring him, to his serious and permanent bodily injury, with consequent pain, loss of time, and necessary expense for nursing, medical attendance, board, and keeping. The defendant denied all the allegations of the petition. There was a verdict for plaintiff in the sum of $500.

The assignments of error argued by counsel are as follows: 1. The testimony on the part of plaintiff brought out

the fact that after receiving his injury he was taken into the
keeping of the officers charged by law with the
relief of the poor, and cared for at the expense

1. DAMAGES:
   evidence.

of the county. Plaintiff was permitted to testify that he had
promised to reimburse the county for the expense thus incur-
red, and prove the items and amount of such expenditure.
Defendant insists that this evidence was inadmissible. We
are not able to agree with this contention. It is true that, if
plaintiff's charge of negligence and resulting injury be estab-
lished, he is not necessarily entitled to recover what he has
paid or agreed to pay for nursing, care, and treatment, but
for so much only of such expenses as are reasonable and fair
under all circumstances. Yet it has often been held that
proof of what the plaintiff has in fact paid for such necessary
services is some evidence of their reasonable value, and is
sufficient to justify the submission of the question to the jury.
*Lampman v. Bruning,* 120 Iowa, 167; *Sachra v. Manilla,*
120 Iowa, 562; *Colwell v. R. R.,* 57 *Hun.,* 452 (10 N. Y.
Supp., 636.) The fact that the expenses in this case were
first assumed or paid by the county, and that thereafter plain-
tiff undertook or agreed to reimburse the county for the ex-
penditure in his behalf, does not make the rule any less ap-
plicable.

II. The county auditor, being examined as a witness,
was permitted to present in evidence certain itemized bills of
expenses incurred in the care of plaintiff while disabled by
reason of his said injury, and paid primarily by
the county. Observing the principle approved in

2. EVIDENCE:
   admission of.

the preceding paragraph of this opinion, the objection to this
testimony is not well taken, unless there be something in the
form or substance of the bills thus presented rendering them
inadmissible. The three bills offered by the plaintiff are des-
ignated, respectively, Exhibits 4, 5, and 6. In making up the
abstracts, Exhibits 4 and 5 appear to have been confused to
some extent, rendering the objections not entirely intelligible.
It is indicated, however, that these bills are offered only as
to certain items therein. The two exhibits, 4 and 5, were of-

fered in evidence together, and were met with the simple objection that they were "incompetent, irrelevant, and immaterial." It must be admitted that some of the items are stated in a very general and indefinite way, and, if specific objection had been made to these items on that score, we should be inclined to say the objection should have been sustained; but where only a general objection is made to an entire offer, and some part of such offer is clearly sufficient, then, under familiar principles, there is no error in admitting the testimony. We have here, for instance, an item of $80 alleged to have been paid a nurse for "36 days and 4 nights, watching and nursing Henry Vedder at John Wilters." This is about as explicit as the claim could well be made, and is not vulnerable to defendant's objection.

It is further urged that the production of these bills, and the testimony of the auditor that they had been paid, are not the best evidence of payment. Counsel say, "The records and vouchers of the auditor's office and those of the treasurer's office are the best evidence." Accepting this as the proper definition of "best evidence," as applied to this state of facts, it would seem that these bills and the indorsements thereon fill the requirements, in part, at least, of appellant's demand. They were offered in their original form, and constitute a part of the records of the auditor's office. It is possible that other records might have made the showing more complete, but that does not affect the competency of those offered. We find no error in the ruling of the court upon these objections. In view of the earnest insistence of appellant, in argument, that he cannot be bound by the act of the county or its officers, or by any agreement between plaintiff and the county, it is proper to again say that this court does not hold, nor did the district court instruct, that appellant can be held liable in any event, or under any circumstances, for the expense of service or aid rendered the plaintiff, save as the same are shown to be fair and reasonable in amount, and to have been rendered necessary and proper by reason of injur-

ies resulting to plaintiff from defendant's negligence. We do hold that the fact and amount of payment or agreement to pay, are admissible for the consideration of the jury, as bearing upon the question of damages and amount of the recovery, if plaintiff be found entitled to a verdict.

III. As a witness in his own behalf, plaintiff testified that he had for many years been a harness maker by trade. He was asked by his counsel, "Is the harness business one that has a busy season, and then a slack season?" and, over objection of defendant, answered, "Yes, sir." Just the purpose of this inquiry is not apparent, unless it was to afford an explanation why plaintiff, a harness maker, should be taking employment as a farm hand. Such an explanation was immaterial and unnecessary, but it is one of those casual side remarks and unnecessary details which crop out in the testimony of almost every witness upon the trial of a lawsuit, but so obviously harmless that their admission, if error, is held to be without prejudice.

3. SAME.

In this connection we may also dispose of the error assigned upon the exclusion of the testimony of one Beguin, offered as a witness in behalf of defendant. Plaintiff had testified, substantially as alleged in the petition, that, as he entered the stall between the horses, defendant struck one of the animals with a cane. Defendant himself, after denying the truth of said statement, further testified that he had no cane and never had one. His wife and several of his children all corroborated this testimony as to his habit, and swore they never saw or knew of his using a cane. Beguin, having answered that he had lived a near neighbor to defendant for a year, was then asked: "Q. Did you ever see defendant carry a cane? Q. Did you ever see him have a cane, or walk with one? Q. Did you ever see him, about his horses, and when he was around the horses, with a cane; or with a cane, and walking with it?" Upon plaintiff's objection, the witness was not permitted to answer. The fact of the defendant's habit in this respect, or the fact that a neighbor never saw him have or use a cane about his horses, has, at best, but

a remote and indirect bearing upon the question whether on this particular occasion he did or did not have one in his hand and strike the horse with it, as claimed by plaintiff; but defendant and five other witnesses, in best position to know, having already testified in his behalf that he did not use a cane, and, to the best of their knowledge, did not have one, we think he had the full benefit to be derived from such proof, and there could be no prejudice to him in excluding the answers of this witness.

IV. After plaintiff recovered from his injury sufficiently to be moved, he was taken to Minnesota, to the residence of a sister, who cared for him, and gave testimony as to the val-

4. EVIDENCE:  ue of such services. Appellant complains that
care and
treatment.  the value of such services in Minnesota is im-
material, and the measure of defendant's liability, if any, is the reasonable value 6f such services in the neighborhood where the injury was suffered. We know of no precedent or authority in support of the position thus taken. The cases cited by counsel are, at best, mere announcements or reaffirmations of the well-understood principle that special damages cannot be recovered unless specially pleaded. In the case at bar the plaintiff did allege damage on account of care and nursing rendered necessary by his injury. He was not required to set out the items in detail, nor the particular place or neighborhood in which they were rendered; or, if such allegation was material, there was no motion for more specific statement. But we cannot admit that a person injured by the negligence of another is restricted in his recovery to proof of the value of services in the neighborhood where the injury occurred, if in fact they were rendered elsewhere. If his home or the friends who can best attend to his needs are in another county, or in another state, even, and he goes there for treatment, we think there is no reason or rule of law preventing his recovery of expenses so incurred—subject always to the condition that they are shown to be reasonable.

V. Plaintiff offered in evidence a bill of items showing expense incurred by the county in sending him to Minnesota.

Upon defendant's objection the evidence was excluded, but by some mistake the bill was sent to the jury room, with other exhibits in the case. It is doubtful if any presumption of injury would obtain on account of this mistake, but the record shows that plaintiff remitted from the verdict a sum equal to the full amount of this bill and of certain items in the other exhibits, and the error was thereby cured.

*5: VERDICT: remission of improper item.*

VI. The court, in charging the jury as to the measure of plaintiff's damages, included therein his "reasonable and necessary expenses, if any, for medical treatment, nursing," etc. It is said there is no evidence of any expense for medical treatment, and that the instruction is therefore erroneous. It is shown that a physician attended the plaintiff, but there is nothing indicating that he expected or received any compensation. On the contrary, it seems to be conceded that he did not. That fact was known to the jury, and, as they were only instructed to allow such expenses "if any" had been proved, it must be presumed that the jury acted accordingly, and that this item did not enter into the amount of the verdict. Such is the rule adopted by us in *Lamb v. Cedar Rapids,* 108 Iowa, 635, and *Trumble v. Happey,* 114 Iowa, 626.

*6. DAMAGES: instruction.*

VII. Plaintiff was allowed to prove the expense incurred for his "board and keeping" while disabled, and the court mentioned this item to the jury, as entering into the assessment of the damages. In this we think there was error. Plaintiff, like every other person, is expected to pay for his own board and keeping, and that obligation is not removed by his injury through the negligence of another. It is true that the injury renders him unable for the time being to earn his board, but, if he recovers at all, he recovers compensation for his loss of time, which is the equivalent of wages; and thus, so far as this item is concerned, he is made whole. It may well happen that, by reason of his injured and dependent condition, his expense for board is materially increased, and in such case,

*7. DAMAGES: board and keeping: evidence.*

doubtless, the enhanced cost may be recovered, but the record before us does not show that plaintiff's claim on this item was thus limited. The error is clearly prejudicial, and by reason thereof there must be a new trial.

The judgment of the district court is therefore REVERSED.