J. H. ALLEN et al. v. DURHAM TRACTION COMPANY.

(Filed 9 April, 1907).

1. **Trial Judge—Findings—Expert—Conclusive Evidence—Weight.**
The findings of the Court below, supported by evidence that the witness is an expert, is not reviewable, and it is for the jury to decide the weight to be given the testimony.

2. **Damages—Evidence—Osteopath—Services Paid For—Statute of Limitations.**—In an action to recover damages for physical injury, evidence of the amount plaintiff paid to an osteopath for services, nursing and attention reasonably given and rendered is competent to be considered by the jury, but not conclusive, even if the osteopath could not recover for such services in an action at law under Revisal, sec. 4502, or if such recovery by him were barred by the statute of limitations.

3. **Judge's Charge—Special Instruction—Conclusions of Law Upon Facts Found.**—It is error in the Court below to refuse to give a prayer for special instruction, tendered in apt time and supported by evidence bearing upon the legal effect of the facts, if found by the jury that "plaintiff was guilty of contributory negligence"; and a charge modifying the prayer to the extent that "the jury will consider the facts as bearing upon the issue of contributory negligence" is insufficient.

Two CIVIL ACTIONS, by consent consolidated, and tried before *Justice, J.,* and a jury, at January Term, 1907, in the Superior Court of DURHAM County.

*Winston & Bryant* and *Kitchin & Carlton* for plaintiff.
*Manning & Foushee* and *A. L. Brooks* for defendant.

CLARK, C. J.   Action for personal injuries sustained by *feme* plaintiff in alighting from a car of the defendant street railway company.   A separate action was brought by her husband for his loss and expenditures caused by such injuries.   By consent, the two causes of action were consolidated and tried together.   The defendant's first three exceptions are on the ground that the Court permitted Dr. A. R.

Tucker, an osteopath, to testify as an expert in regard to the nature of the fractures of the bones of the *feme* plaintiff and to testify as to the amount paid him for his services to her, in considering the *quantum* of damages. The Court found upon the evidence that Dr. Tucker was an expert. This conclusion is not reviewable. *State v. Wilcox,* 132 N. C., 1131; *Geer v. Water Co.,* 127 N. C., 355, and cases there cited. The Court decides as to the admissibility of the witness as an expert, the jury decides as to the weight to be given to his testimony. *Flynt v. Bodenhamer,* 80 N. C., 207. The amount paid him for his services is, of course, not binding on the jury, but they can take into consideration the reasonable worth of the attention and nursing rendered by him, in passing upon the measure of damages. Even if it had been true that Dr. Tucker could not, under Revisal, sec. 4502, have recovered for his services to the *feme* plaintiff in an action at law, this is not an action by him to recover compensation. His services were not criminal. *State v. Biggs,* 133 N. C., 729. And the plaintiff having paid him for his services, if they were reasonably proper attention under the circumstances, the jury could take their value into consideration. Laws 1907, ch. 764, has incorporated the "North Carolina Society of Osteopaths" as a recognized branch of healing; but aside from that, if Dr. Tucker's services had been availed of to alleviate pain, or in nursing, the reasonable amount paid for such services was a matter for consideration by the jury, for if a bill for medical services, even, were barred by the statute of limitations, while its payment could not be enforced at law, yet, if paid, it would be a proper item for consideration by the jury in assessing the damages.

The defendant asked the Court to charge as follows: "If the jury shall find from the evidence that the *feme* plaintiff

was, at the time of her injury, in feeble health, and that she undertook to alight from the car while it was moving slowly, and in attempting to alight stepped from the car at right angles to the direction in which the car was moving, or with her back in the direction in which the car was moving, and she was thrown to the ground and injured, then she was guilty of contributory negligence, and the jury will answer the second issue, 'Yes.' " The Court gave the prayer, modified, however, by striking out the concluding part and inserting instead that "the jury will consider the facts as bearing on the issue of contributory negligence." In this there was error. There was evidence from which, if believed, the jury might have found the state of facts recited in this prayer. There was evidence to the contrary, that the car had stopped. But the defendant had the right to have its phase of the evidence submitted to the jury, with the instruction that, if they so found the facts, the jury should answer the issue as to contributory negligence, "Yes," and not merely that those facts would be evidence which the jury could consider as bearing upon that issue; for the prayer must be taken in connection with the uncontroverted evidence, which was that the conductor had gone forward to change the switch, that the stopping place was beyond the switch, that the conductor had not given any invitation to passengers to alight at that point, which was not a regular stopping place (though passengers sometimes got off there), and that he did not see the *feme* plaintiff when attempting to get off. Under these circumstances the prayer should have been given as asked. *Calderwood v. Street Railroad,* 96 Ala., 318. In *Nance v. Railroad,* 94 N. C., 622, notice had been given by whistle that the train would stop at a regular station, and the train had come "nearly, almost to a full stop." Here, there was no notice, and it was not the

regular stopping place. There was, it is true, contradictory evidence that the car had come to a full stop and that the car started forward again without notice as the plaintiff was stepping off. If that phase of fact was found by the jury, the prayer would not be applicable, but the defendant was entitled to an instruction to the jury as to the legal effect of the facts, if found as his evidence tended to prove them. There are other exceptions, but they may not occur upon another trial and need not be discussed.

Error.