SAMUEL ROBERTSON v. E. J. CONKLIN AND PLYMOUTH
LUMBER COMPANY.

(Filed 14 September, 1910.)

**Malicious Prosecution—Damages—Plaintiff's Poverty—Evidence.**
  Evidence of plaintiff's poverty is inadmissible in an action for
  malicious prosecution, in the absence of evidence tending to show
  that his actual damage occasioned by the defendant's tortious act
  was thereby increased.

APPEAL by defendant from *Ferguson, J.,* at the January Special Term, 1910, of WASHINGTON.

Civil action to recover damages for an alleged malicious injury to the person and character of the plaintiff.

There are three distinct counts or causes of action set out in the complaint, malicious prosecution, abuse of process with false arrest, and slander. The following issues were submitted:

1. Did the defendant wrongfully and without probable cause, cause the warrant for searching the plaintiff to be issued?   A. Yes.

2. If so, was the defendant actuated by malice in causing such warrant to issue?   A. Yes.

153—1

ROBERTSON *v.* CONKLIN.

3. Did the defendant wrongfully and without probable cause, cause the plaintiff to be arrested? A. Yes.

4. If so, was the defendant actuated by malice in causing such arrest? A. Yes.

5. Did the defendant wrongfully and maliciously charge the plaintiff with the larceny of the money? A. Yes.

6. What actual damage, if any, is the plaintiff entitled to recover? A. $1,000.00.

7. What punitive damage, if any, is the plaintiff entitled to recover? A. None.

By consent of plaintiff the Court reduced the verdict to $500 and gave judgment for plaintiff. The defendant appealed.

*Wm. M. Bond, Wm. M. Bond, Jr.,* for plaintiff.
*Asa O. Gaylord* for defendant.

BROWN, J. The evidence tended to show that the plaintiff was employed by the Plymouth Lumber Company as night watchman at the time of the alleged wrongs committed against him, and that E. J. Conklin was secretary and treasurer of the lumber company; that on a Saturday night $40.80 was left in a desk drawer in the office of the lumber company, in the mill grounds which the plaintiff was employed to watch; that the money was taken and defendant charged plaintiff with the larceny and also had him arrested under a search warrant, or without warrant, and had his home searched by an officer.

Over the objection of the defendant plaintiff was permitted to testify that he had no property at the time and was entirely dependent on "his two hands" for a living.

The rule that, in cases of malicious torts, where punitive damages are claimed and may be awarded, evidence of the defendant's pecuniary condition is admissible, is very generally recognized by the authorities, but evidence of the pecuniary condition of the plaintiff as a general rule is inadmissible. It is admitted only on the ground that the pecuniary circumstances of the plaintiff are directly involved in estimating the actual damages caused by the tortious act, the poverty of the plaintiff making the injury the greater. Such evidence is never admitted for the purpose of securing vindictive damages.

*Rowe v. Moss,* 67 Am. Dec., 566, and cases cited. It is generally allowed in actions for the wrongful infliction of personal injuries by an assault, upon the theory that the consequences of a severe personal injury are more disastrous to a person destitute of pecuniary resources and dependent wholly upon his manual exertions for the support of himself and family than to one of ample means.

We think this is the rule recognized by this Court in *Reeves v. Winn,* 97 N. C., 248.

There is nothing in this case which justifies a consideration of the plaintiff's pecuniary condition in assessing the damages. There is no foundation for the claim that whatever actual damage he suffered was increased by plaintiff's poverty.

The evidence shows that he did not suffer the pangs of hunger or listen to the cry of his children for bread by reason of defendant's conduct. In fact, he was not even discharged from defendant's service, but transferred to the day force at no decrease in pay so far as the record discloses, and continued in defendant's service for some time after the occurrence and only discharged after the commencement of this action.

It is evident from reading the evidence as to actual damage, that the jury undertook to allow punitive damages under the sixth issue, which probably induced his Honor to reduce the verdict and plaintiff to accept it.

Upon the next trial we think it better to follow the usual practice and submit only one issue as to damage and under it the judge should carefully instruct the jury as to actual damage and also upon punitive damage, and when the latter may or may not be allowed.

New trial.