BLANEY HARPER v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 12 March, 1913.)

**Torts—Destruction of Property—Interest—Jury's Discretion.**

> Where a tort committed consists in the destruction of property, the jury may, in their discretion, award interest on the value of the property destroyed from the date of its destruction, in addition to the value of the property.

APPEAL by defendant from *Carter, J.,* at August Term, 1912, of DUPLIN.

Civil action. These issues were submitted:

1. Did the defendant company wrongfully and negligently burn the property of the plaintiff, as alleged in the complaint? Answer: Yes.

2. What damages, if any, is plaintiff entitled to recover? Answer: $450, with interest from 5 April, 1909.

The defendant appealed.

*H. D. Williams for plaintiff.*
*Davis & Davis for defendant.*

BROWN, J. The only error assigned is to the following charge: "You may, in your discretion, allow interest upon any damages awarded to the plaintiff from the date of the fire or from any intervening date, in your discretion. It is not recoverable as a matter of right, and rests in the sound discretion of the jury."

Damages recovered for a tort do not as a matter of law bear interest until after judgment, but when the tort consists solely in the destruction of property, and not in personal injuries, this Court has held that the jury may in their discretion give interest on the value of the property destroyed from the date of its destruction, in addition to the actual value of the property. *Rippey v. Miller,* 46 N. C., 480; *Guano Co. v. Magee,* 86 N. C., 351; *Williams v. Lumber Co.,* 118 N. C., 928; *Lane v. Butler,* 135 N. C., 419; *Stephenson v. Koonce,* 103 N. C., 266; *Wilson v. Troy,* 18 L. R. A., 449, and notes.

No error.