CHARLES TANKERSLEY, APPELLEE, v. LINCOLN TRACTION COMPANY, APPELLANT.

FILED DECEMBER 15, 1919. No. 20760.

1. Carriers: INJURY TO PASSENGER: LIABILITY. A street railway company cannot evade its duty to passengers by its operating contracts with other corporations, or thus avoid liability for negligence resulting in personal injury to passengers.

2. ——: ACTION FOR PERSONAL INJURIES: DAMAGES: INSTRUCTIONS. In an action for personal injuries resulting from the negligence of defendant, it is prejudicial error to instruct the jury, in estimating the damage to plaintiff, to consider "the probable expense of his personal livelihood."

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Field, Ricketts & Ricketts,* for appellant.

*Berge & McCarty, contra.*

Rose, J.

This is an action to recover damages in the sum of $15,000 for personal injuries alleged to have been caused by the negligence of defendant. On O street in Lincoln plaintiff, after dark, boarded a street car on the street railway running westward to Capital Beach, alighted at the regular stopping place or station near the east side of Lakeview and started to walk westward on a cinder path running from the street railway station along the north side of the street railway track to the east end of a cement sidewalk. The cinder walk and the electric railway cross the Chicago, Burlington & Quincy Railroad track at right angles. When there is no street car on the crossing an arm six feet or more above the ground extends south across the cinder walk and the street railway track from a perpendicular iron post a few feet west of the railroad track. The moving of the arm to permit a street car to cross the railroad track turns the iron post and by means of two wires, running one above the other through a duct under the street railway track, operates a signal on the railroad 2,000 feet south of the crossing. The wires were exposed for two or three feet before entering the duct. Plaintiff, while following the cinder walk across the railroad tripped on these wires and fell. To recover damages for resulting injuries this action was brought. Negligence in knowingly permitting the dangerous condition to exist and in discharging plaintiff from the street car under an implied invitation to use the cinder walk without warning him of the danger is imputed to defendant. Defendant denied negligence and liability for damages and pleaded negligence on the part of plaintiff. The case has been tried twice. The first trial resulted in a judgment in favor of plaintiff for $3,200, but it was reversed for error in the proceedings. *Tankersley v. Lincoln Traction Co.*, 101 Neb. 578. At the second trial plaintiff recovered a judgment for $4,300. Defendant has again appealed.

Defendant asserts that it did not install or maintain the wires, and that it was without authority to meddle with them, and argues that it is not liable for the negligence charged. In this connection it is insisted that the signal system was installed and maintained by the Chicago, Burlington & Quincy Railroad Company pursuant to a contract with the Lincoln, Capital Beach & Milford Railway Company, the latter being owner of the street railway track on which defendant, under a contract, operates its street cars from Lincoln through Lakeview to Capital Beach. On these grounds defendant cannot escape liability, if it was negligent in the performance of its duties to plaintiff as a passenger. The consequence of such negligence cannot be evaded by contract. Though street cars on the Capital Beach line did not run farther west at the time of plaintiff's injury than defendant's station east of Lakeview, defendant in fact operated the signals while running street cars to the pleasure resort at Capital Beach during the summer season. The post and wires at the place of the dangerous exposure were on premises occupied both by defendant and the Chicago, Burlington & Quincy Railroad Company. Under the evidence defendant may fairly be charged with knowledge of existing conditions. In the night it discharged plaintiff, a passenger, on a cinder platform connected in a direct line west by a short cinder walk with the east end of a cement walk on the north side of the principal street of Lakeview. This cinder walk ran along the north side of a public highway close to and parallel with the street railway track where it crossed the railroad track. Under the circumstance plaintiff had an implied invitation from defendant to follow this cinder walk. In doing so he tripped on the wires and was injured. He had not been warned of the dangerous wires and in the dark was not aware of his peril. Defendant, had he known of the danger, could have gone south from the cinder platform of the street railway station across the street railway track, turning west in the public highway, thus

avoiding the wires, but his natural course was directly west where he was also invited by defendant to go. In any event he could not avoid crossing the railroad track. While the arm across the street railway track and other signals indicated a crossing at a public highway, they did not necessarily give warning in the night of the dangerous wires. It may also be inferred that the arm did not warn foot passengers not to cross the railroad on the cinder walk, since they could and did pass under the arm. These conclusions are fairly deducible from the evidence, and they clearly show that the negligence imputed to defendant may be inferred from the proofs.

For another reason, however, the verdict cannot be permitted to stand. The trial court directed the jury, if they found plaintiff was entitled to recover, to consider as an element of damages "the probable expense of his personal livelihood." This was a direct misstatement of the law, and there was no basis in the evidence for an estimate of such expense. How much the jury included in their verdict on account of this item cannot be ascertained. The error was manifestly prejudicial to defendant. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK and ALDRICH, JJ., not sitting.