No. 9824.

KELLIHAN v. McHUTT.

Decided October 3, 1921.

Action for damages for injuries suffered by reason of unskillful treatment and improper administration of drugs. Judgment for plaintiff.

*Reversed.*

1. DAMAGES—*Personal Injuries—Living Expenses.* In an action for damages for personal injuries occasioned by alleged unskillful treatment and improper administration of drugs by defendant, evidence concerning the amount paid for board and room by plaintiff is immaterial, where it did · not appear that his living expenses had been increased by the alleged improper treatment.

2. VERDICT—*Improper Items.* Since it cannot be determined from a general verdict of what items it is composed where several elements of damage are alleged, the admission of improper evidence of damage is prejudicial error.

*Error to the District Court of the City and County of Denver, Hon. J. W. Sheafor, Judge.*

Mr. EDMUND J. CHURCHILL, Mr. FRANK T. JOHNSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in an action against plaintiff in error and one Ransom to recover damages alleged to have been suffered by the plaintiff as the result of the misconduct of the defendants named. Verdict and judgment were for plaintiff, and defendant Kellihan brings the cause here for review.

Plaintiff claimed damages for injury suffered from unskillful, unsafe and harmful treatment, and from drugs improperly administered to him by defendants. He sought also to recover various sums alleged to have been expended for living expenses, while under said treatment; also exemplary damages. The verdict was for $1,000 actual damages, $5,000 exemplary damages. The verdict for exemplary damages was set aside by the court.

It is unnecessary to determine a number of questions raised by plaintiff in error, as the judgment must be reversed on the ground of the admission of improper evidence. Over the objection of defendants, plaintiff was permitted to testify to the various items of special damages set out in the complaint, including the amount that he paid for board and room, for sixteen weeks; for medical tests, and laundry bills. These payments were in no sense the result of the action of the defendants. The plaintiff's living expenses do not appear from the evidence to have been increased by the alleged improper treatment by the defendants, and the amount of such expense was entirely immaterial in the case. *Graeber v. Derwin,* 43 Cal. 495.

On a general verdict it is impossible to say of what items the same is made up, and the admission of this evidence must, therefore, be held to be prejudicial error.

The judgment is reversed.

MR. JUSTICE BAILEY and MR. JUSTICE ALLEN concur.