LOUISE BLAINE, by HER GUARDIAN, J. NORMAN BLAINE, v. ETTA T. LYLE, ADMINISTRATRIX, ET AL.

(Filed 4 May, 1938.)

1. **Physicians and Surgeons § 15f: Damages § 2—Plaintiff is entitled to recover only for damages directly caused by negligence alleged.**

Defendant's intestate was a physician and prior to his death treated plaintiff for empyema. Upon a recurrence of the condition over a year later, another operation was performed by another surgeon, and two pieces of metal removed from plaintiff's side. Plaintiff contended that the metal was negligently left in her side by intestate in probing her pleural cavity for pus. *Held:* Plaintiff is entitled to recover only for damages directly caused by intestate's alleged negligence, and an instruction that the jury might consider hospital and medical expenses from the time of her first illness until her complete recovery, some time after the metal pieces had been removed, is error entitling defendant to a new trial, some of the expenses having been incurred in treating plaintiff for her illnesses prior to the time the probing was begun and the occurrence of the alleged negligent act complained of, and there being no evidence that the continuance or recurrence or the condition after the removal of the metal pieces was the result of the alleged negligence.

2. **Appeal and Error § 39e—Error in charge on measure of damages held not cured by later correct instruction followed by another erroneous charge.**

Error in the charge in failing to confine the measure of damages to those directly resulting from the negligence complained of *held* not cured by a later correct instruction immediately followed by stating the contention of plaintiff as to the amount in a sum computed by including elements of damage not resulting from the wrong, and later followed by another incorrect instruction.

SEAWELL, J., took no part in the consideration or decision of this case.

BLAINE *v.* LYLE.

APPEAL by defendant administratrix from *Sink, J.,* at December Term, 1937, of MACON.

Civil action for damages, tried upon issues raised by the pleadings, on allegations and denials that plaintiff suffered great injury by reason of the negligence of Dr. S. H. Lyle, since deceased, in allowing a metal probe to drop through a draining sinus into her pleural cavity while treating her for empyema.

On 16 February, 1932, Louise Blaine was taken ill with influenza. She was then eleven years old. Double pneumonia followed, and this later developed into empyema. About the middle of March, 1932, Dr. Lyle made an incision in her left side and inserted a tube for drainage. In treating the plaintiff thereafter, the incision was probed from time to time with a metallic probe to determine whether there was any pus in the pleural cavity. The process of probing was begun in the summer of 1932, and continued until the early spring of 1933. Dr. Lyle died 13 November, 1933, just after dismissing the plaintiff as well.

In August, 1934, there was a recurrence of the empyemic condition. In February, 1935, another operation was performed by Dr. Van Schaick of Florida, who states that he then removed two pieces of metal from plaintiff's side, which plaintiff says is the probe used by Dr. Lyle in 1932 or 1933.

Over objection, plaintiff's mother was allowed to testify as follows: "Q. About how much was the cost of it (her treatment from the time she was taken sick until she was brought back from Florida)? A. $1,500, I would say. I paid Dr. Lyle $582.00, or the estate. That was in the $1,500. I included that in the $1,500."

In instructing the jury on the issue of damages, the court said: "You will recall the various contentions with respect to the suffering and the condition that prevailed from and after February, 1932, through 4 July, 1936." Exception.

There was a verdict for plaintiff, the jury awarding her damages in the sum of $3,500, and from judgment thereon the defendant administratrix appeals, assigning errors.

*George B. Patton and J. N. Moody for plaintiff, appellee.*
*Jones & Jones, G. L. Houk, and Jones, Ward & Jones for defendant, appellant.*

STACY, C. J. Conceding that the evidence is sufficient to carry the case to the jury under authority of *Pendergraft v. Royster,* 203 N. C., 384, 166 S. E., 285, and cases there cited, we think a new trial must be awarded for error in allowing the plaintiff to recover hospital and medical expenses from the time she was taken ill in February, 1932. The process of probing did not begin until the summer of 1932, and it con-

tinued through the early spring of 1933. Plaintiff is not entitled to recover for hospital and medical expenses incurred prior to the alleged negligence of which she complains.

It is true, in one instruction the court said, "The plaintiff is entitled to recover for medical and hospital bills to the extent that they may or have been incurred as the proximate result of the injuries complained of." But he immediately added: "She contends they are about fifteen hundred dollars." This contention is based upon the evidence of plaintiff's mother that the total cost of her illness from and after February, 1932, was about $1,500, including $582 paid to Dr. Lyle or his estate.

Moreover, the two metal pieces were removed from plaintiff's side in February, 1935, and there is no evidence that the recurrence or continuance of her empyemic condition was affected by these pieces after their removal. Indeed, the evidence is to the contrary. The court instructed the jury, however, to consider plaintiff's "suffering and the condition that prevailed from and after February, 1932, through 4 July, 1936." So, we cannot say the error was cured or that it was harmless. *Johnson v. R. R.*, 184 N. C., 101, 113 S. E., 606.

In *McCracken v. Smathers*, 122 N. C., 799, 29 S. E., 354, it was held proper for the jury, in a malpractice case, to take into consideration the injury which plaintiff sustained by reason of the unskillful treatment of the case, which would include the loss, pain, inconvenience, diminished earning capacity, suffering and increased delay in effecting a cure, and probability of permanent injury, necessarily consequent upon the injury sustained by the maltreatment. See *Johnston v. Johnston, ante*, 255.

The holding in *Payne v. Stanton*, 211 N. C., 43, 188 S. E., 629, a malpractice case, was, that plaintiff is "entitled to recover compensation only for those injuries which proximately result from defendant's negligent treatment."

The conclusion results that a new trial must be awarded.

New trial.

SEAWELL, J., took no part in the consideration or decision of this case.