HAROLD PARKER v. SAM BELOTTA ET AL.

(Filed 1 February, 1939.)

1. **Infants § 11—In infant's action for personal injuries, his father's right of action being preserved, evidence of hospital bill is incompetent.**

In an action by an infant to recover damages for negligent personal injury, any right of action which plaintiff's father may have to recover for loss of time, diminished earning capacity, and hospital bills being preserved, it is error to admit evidence of the amount of the hospital bills incurred, even as tending to show the extent of the injuries, especially when the hospital expenses incurred include expenses for another separate injury.

2. **Appeal and Error § 47b—**

A general new trial is awarded in this action to recover for negligent personal injuries for error in the admission of evidence on the issue of damages. Whether defendants were prejudiced by the setting aside of the issue of damages for inadequacy and having this issue tried separately before a different jury, *quære*.

APPEAL by defendants from *Phillips, J.*, at February Term, 1938, of RICHMOND.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.

On 6 June, 1936, Harold Parker was injured while riding in defendants' automobile. The tibia in his left leg was broken. Defendants' car was being driven at the time by one Olin Bankhead. They were going from Rockingham to Asheboro to attend a ball game. Plaintiff was a member of the Richmond County Junior Team. The accident occurred between Rockingham and Ellerbe as a result of a blowout and the manner in which the car was being driven at the time.

Plaintiff was taken to the Hamlet Hospital for treatment and incurred a hospital bill of $245.

About five months later, the plaintiff broke both bones in the same leg when he undertook to kick a football on the playground at the Rockingham High School.

The case was tried at the February Term, 1938, Richmond Superior Court, on the usual issues of negligence and damages, and resulted in a verdict for plaintiff, the jury assessing his damages at $500.

The court set aside the verdict on the issue of damages as inadequate, and this issue was again tried at the March Term when the jury fixed the damages at $3,750.

On the second trial, over objection of defendants, plaintiff's father was allowed to testify that hospital bills amounting to $488 had been

incurred "for the treatment of Harold on account of his broken leg." This evidence was admitted "not to show the amount of damages the plaintiff is entitled to recover, but to be considered only as tending to show the extent of the plaintiff's injuries."

From judgment on the verdicts, the defendants appeal, assigning error.

*J. C. Sedberry for plaintiff, appellee.*
*Fred W. Bynum for defendants, appellants.*

STACY, C. J. The case was tried upon the theory that plaintiff was not entitled to recover for loss of time or diminished earning capacity during his minority, nor for hospital bills. *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339. Any right of action which plaintiff's father may have was carefully preserved. *Floyd v. R. R.,* 167 N. C., 55, 83 S. E., 12; *Williams v. R. R.,* 121 N. C., 512, 28 S. E., 367.

In this view of the matter, we think it was error to admit evidence of what hospital bills had been incurred "for the treatment of Harold on account of his broken leg," especially as these bills were for two separate injuries. In this respect the case is not unlike *Blaine v. Lyle,* 213 N. C., 529, 196 S. E., 833, and *Pemberton v. Greensboro,* 208 N. C., 466, 181 S. E., 258.

Moreover, it is not altogether certain that defendants were not prejudiced by having the issue of liability and the issue of damages tried separately or before different juries. *Gregg v. Wilmington,* 155 N. C., 18, 70 S. E., 1070; *Jarrett v. Trunk Co.,* 144 N. C., 299, 56 S. E., 937; McIntosh, N. C. Prac. & Proc., 679.

A general new trial will be awarded. It is so ordered.

New trial.