DORIS P. DRIVER v. IRBY D. GILL AND WIFE, RHODA GILL.

(Filed 13 December, 1967.)

APPEAL by defendants from *Braswell, J.*, 19 May 1967 Civil Session of WAKE.

Plaintiff instituted this action for property damage and personal injuries which she allegedly sustained on 9 January 1965 in an intersection accident in Zebulon when the Cadillac automobile owned by defendant Rhoda Gill and operated by her husband, defendant Irby D. Gill, collided with the Chevrolet which plaintiff was operating. Plaintiff alleges that the collision was proximately caused by the negligence of Mr. Gill, who entered the intersection from a servient street without stopping in obedience to the stop sign which faced him.

Defendants deny that Mr. Gill was in anywise negligent. They aver that plaintiff's negligence was the sole proximate cause of the collision in that she approached the intersection at a high and unlawful rate of speed, without keeping a proper lookout, and in that she failed to yield the right-of-way to the Gill vehicle, which was first in the intersection. Defendants pleaded the contributory negligence of plaintiff and counterclaimed for damages to the Cadillac.

Plaintiff offered evidence tending to show: About 4:30 p.m., she was driving west on Sycamore Street, the dominant highway, at a speed of 20-25 MPH. As she approached the intersection of Sycamore and Church Streets, defendant Irby Gill, traveling north on Church Street at a speed of 45 MPH, also approached the intersection. The speed limit in this area was 25 MPH. The weather was clear, and the driver's view of the intersection was unobstructed. Defendant Irby Gill, without stopping in obedience to the stop sign which faced him, entered the intersection and struck the left side of plaintiff's automobile about the center of the intersection. When plaintiff first saw the Cadillac, it was about 1½-car lengths south of the stop sign. In the collision, the entire front end of defendants' automobile was damaged. Plaintiff received head, neck, arm, back, and knee injuries. Damage to her teeth and gums necessitated extensive dental work over a period of a year. Her medical bills were large, and she lost 5½ weeks from work. Her automobile was damaged in the sum of $1,350.00. At the time of the trial, two years after the accident, she continued to suffer from severe headaches two or three times a week, muscle spasms in her neck, and numbness and pain in her right arm which interfered with her housework.

Defendants' evidence tended to show: The automobile which Mr. Gill was driving was a family-purpose car, and he was driving it

with the permission of his wife, the owner. Traveling north on Church Street, he approached its intersection with Sycamore Street at a slow rate of speed. He stopped at the stop sign, which was located about 10 feet from the intersection. At that time, he observed plaintiff 150 feet to his right. She was approaching the intersection, traveling west on Sycamore Street at a speed of about 50 MPH and looking in the opposite direction toward a house. He proceeded into the intersection and the front of his car struck plaintiff's Chevrolet "approximately" at the rear door. His car was damaged to the extent of $750.00.

The court submitted to the jury the issues arising upon the pleadings. The jury answered the issues of defendants' negligence and plaintiff's contributory negligence in favor of plaintiff and awarded her $15,000.00 for personal injuries and $1,200.00 for damage to her automobile. The issues with reference to Mrs. Gill's counterclaim were not answered. From the judgment entered upon the verdict, defendants appealed.

*Manning, Fulton & Skinner by M. Marshall Happer, III, for plaintiff appellee.*

*Broughton & Broughton by John D. McConnell, Jr., for defendant appellants.*

PER CURIAM. Defendants' assignments of error all relate to the charge, which — considered as a whole, as all charges must be —, discloses that the court correctly applied the law to the evidence in the case. *Motor Co. v. Insurance Co.,* 220 N.C. 168, 16 S.E. 2d 847.

Plaintiff's testimony relating to her persistent headaches and other symptoms, and the testimony of the dental surgeon that she had nine teeth broken in the accident, justified the court's charge that the award of damages was to be made on the basis of a cash settlement of plaintiff's injuries, past, present and prospective. The charge on the measure of damages was in accord with the rule laid down by Stacy, C.J., in *Mintz v. R. R.,* 233 N.C. 607, 65 S.E. 2d 120.

The verdict in this case appears to have been in accord with the greater weight of the evidence, and in the trial, we find

No error.