Nash, C. J.
 

 When this case was before the court at June Term, 1853, it was decided that the action was properly brought in “ Case.” Busb. Rep.
 
 308;
 
 see also,
 
 Williamson
 
 v.
 
 Dickens,
 
 5 Ired. R. 269. The controversy arises upon the charge of his Honor, who tried the cause below upon the question of damages : the jury were informed that “ inasmuch as the plaintiffs had not declared on the contract, they could not recover for any violation of it merely.” And again, “the-mere fact that defendant had turned the vessel over to Moss, did not entitle the plaintiffs to recover any thing, unless they satisfied the jury that they had sustained damage therebyin other words, that to entitle the plaintiffs to recover, they must show that they had sustained actual damages. In this opinion we do not concur.
 

 The defendant had entered into a contract with the plaintiffs, as owners of the vessel, to navigate her as Master, to the West Indies and back to Plymouth. lie took charge of her, and on liis way, at New-Berne, he put a Capt. Moss in command, and abandoned the vessel: No special loss or damage was proven by the plaintiffs. Under these facts, the sole question is, are the plaintiffs entitled to recover any thing of the defendant? We hold that they are.
 

 Wherever there is a breach of an agreement, or the invasion of a right, the law infers some damage, and if no evidence is given of any particular amount of loss, it gives nominal damages, by way of declaring the right, upon the maxim,
 
 ubi jus
 
 
 *151
 

 ibi remedmm.
 
 In
 
 Ashby
 
 v. White,
 
 1st
 
 Salk. 19, Lord Holt declared that “every injury imports a damage, though it does not Gost the party a farthing',” This principle has been applied to a variety of cases where the plaintiff’s recovery is in damages : thus, in an action for words spoken, where no actual damage has been sustained : so, trespass to the person or to realty» A x'emarkable case, as exemplifying this doctrine, is that of
 
 Taylor
 
 v. Henniker, 12 Adol. & Ellis 488. There the action is in ease, brought by a tenant against his landlord for illegally distraining for more rent than was due: it appearing that the proceeds of the sale were insufficient to satisfy the rent actually in arrear, the jury found a verdict for one shilling : a motion was made on the part of the defendant for a nonsuit, which was denied. DeNMAN, Chief J ustice, said: “ there was a wrongful act of the defendant, and though by reason of the nature of the goods taken, falling short of the actual rent due, no real damage was sustained, yet there was a
 
 legal damage
 
 and cause of action, for which the plaintiff was entitled to a verdict.” In
 
 Laffin
 
 v. Willard,
 
 16
 
 Pick. 64, a sheriff* had neglected to return an execution : the action was in case, and the court declared that though there were no actual damages proved, where there is a neglect of duty, the law presumes damages, and the plaintiff was entitled to a verdict for nominal damages. In
 
 Whittimore
 
 v.
 
 Cutter, 1
 
 Gal. 429, Justice Stoky says: “ we are of opinion that where the lawgives an action for a particular act, the doing that act imports, itself, a damage to the party : every violation of a right imports some damage, and if none other be proved, the law allows a nominal damage.” The rule, that the invasion of a right gives, in all cases, a claim to nominal damages, applies equally to matters of contract: thus in an action brought against a banker for refusing payment of a check, although in funds, no actual damage being shown, the court of King’s Bench decided that the plaintiff was entitled to nominal damages,
 
 Marzetti
 
 v. Williams, 1 Barn.
 
 &
 
 Adol. 415. See Sedgewick on the measure of damages, 46. In every contract implying a duty to be performed, the neglect of that duty gives, in law, a cause
 
 *152
 
 of action to the opposite party under the maxim,
 
 %ibi jus ibi remedium :
 
 and where the law gives an action, it gives damages for the violated right, and if no actual damage be shown, then the plaintiff is entitled to nominal damages.
 

 In this case, the defendant had contracted to carry the vessel of the plaintiffs, to the West Indies and back: he was in duty bound so to do : the plaintiffs had acquired a right to his services : to desert the vessel, therefore, before the completion of the voyage, was a violation of that right.
 

 The authorities cited, show that it is no answer, except as to the
 
 quantum
 
 of damages, that the plaintiffs had sustained no actual injury by the substitution of Moss as Captain. The defendant had violated his duty and broken his contract: the plaintiffs had a right to bring their action on the contract, or in
 
 tort,
 
 and to allege the
 
 gravamen
 
 to consist in a breach of duty.
 

 Ilis Honor, below, erred in his instruction to the jury, that in the latter case, the plaintiffs could not recover, unless they showed substantial injury.
 

 PeR Curiam. Judgment reversed.