Pearson, J.
 

 1. The action was well brought. The plaintiff was in possession as lessee for years. Tiie circumstance that the defendant, who was the lessor, furnished the plaintiff with a horse, had no other effect than to entitle him to a larger part of the cropo as rent. It did not alter the relation of landlord and tenant, or affect, in any way, the right of the plaintiff to the exclusive possession. The doctrine in regard to a cropper has no application.
 
 Ross
 
 v. Swearingen, 9 Ire. Rep. 481.
 

 2. If the plaintiff was not entitled to recover in this action for the loss of her eye, in aggravation of damages, she could not recover for it at all. The defendant committed but one wrongful act, i. e., breaking the plaintiff’s close and carrying off the roof of the house. Of course the plaintiff could bring
 
 *165
 
 but one action.
 
 Fetter
 
 v. Beale, 1 Ld. Raymond’s Rep. 339, 692 ; 1 Salk. R. 11
 
 ; Hodsoll
 
 v.
 
 Stallebrass,
 
 9 Car. and Pa. 63, (38 E. C. L. R. 35,) and other cases cited in
 
 Moore
 
 v.
 
 Love,
 
 3 Jones’ Rep. 215, where the matter is fully discussed.
 

 As the loss of the plaintiff’s eye is found by the jury to have been the “ direct and immediate consequence of the exposure to which she was subjected by having the roof of her house taken off,” it was clearly proper that it should be considered in aggravation of damages.
 
 Welch
 
 v. Piercy, 7 Ire. Rep. 365. “Every one is presumed, in law, to intend any consequence which naturally flows from an unlawful act, and is answerable for the injury.” Accordingly it is there held, that in trespass, q. c. f., for letting down the plaintiff’s fence, lie could aggravate the damages by proof that his hogs got out and were lost. So, in an action of this kind, the plaintiff may, in aggravation, show that the defendant debauched his daughter. All injuries of the sort are included under words
 
 aUa enormia.
 

 PjsR OueiaM. Juclgment affirmed.