### ELLER v. RAILROAD.

(Filed November 28, 1905).

*Carriers — Delay in Delivery of Baggage — Trousseau —Mental Anguish—Former Judgment—Estoppel—Damages.*

1. The general rule in the law of damages is that all damage resulting from a single wrong or cause of action must be recovered in one suit.

2. In an action for damages for mental anguish alleged to have been suffered by the plaintiff, by the negligent delay in delivering her valise containing her trousseau, whereby her wedding had to be postponed, where it appeared that she had already sued the defendant in an action for non-delivery of her valise and damage to the property, and that the suit was settled, she is precluded by the former settlement, from claiming any damage for mental anguish in this action, if any such right she ever had.

3. Where the defendant did not know of the intended marriage, the male plaintiff has no cause of action for the defendant's negligence in the delivery of the *feme* plaintiff's baggage, containing her trousseau. In this case the damage claimed was not in the contemplation of the parties and too remote.

ACTION by Dora Eller and Albert Eller, her husband, against the Carolina & Northwestern Railway Company, heard by *Judge W. B. Councill* and a jury, at the May Term, 1905, of the Superior Court of CATAWBA.

On September 5, 1904, the *feme* plaintiff, then Dora Anderson, was a passenger on defendant's train from Granite Falls to Hickory. She had, as baggage, a valise of the kind usually known as a "telescope," containing clothing, letters, photographs and other articles, which was checked to Hickory and should have arrived at its destination on the 5th of said month, but did not arrive until the evening of the 7th. The *feme* plaintiff was going to Hickory for the purpose of being married to her co-plaintiff, Albert Eller, to whom she was at the time engaged. The wedding had been set for the morning of the 6th, but in consequence of the delay in receiving her baggage it had to be postponed until the 7th, as her wedding trousseau was in the valise. When her baggage was tendered to her she refused to take it, as the. valise was torn and her clothes were wet and muddy and so badly damaged that they could not be used. She alleges that by reason of the premises she suffered great mortification and mental anguish and seeks to recover damages on that account. It appears that she had already sued the defendant in an action for the non-delivery of her valise and the damage to the property. That suit was settled and she received from defendant $30 and the clothes were returned to her. At the close of the testimony the court, on motion of defendant, dismissed the action. Plaintiff excepted and appealed.

*Self & Whitener* for the plaintiff.

*J. H. Marion, T. M. Hufham* and *Witherspoon & Witherspoon* for the defendant.

WALKER, J., after stating the case: The general rule in the law of damages is that all damage resulting from a single wrong or cause of action must be recovered in one suit. The demand cannot be split and several actions maintained for the separate items of damage. Plaintiff recovers one compensation for all loss and damage, past and prospective, which were the certain and proximate results of the single wrong or breach of duty. Pierce on Railroads (1881), 300, 301, and note 1. The rule is different where there is a continuing wrong or the wrong is repeated, as in the case of a nuisance or trespass, or where there is a new trespass distinct from the original one. Hale on Damages, 77, 78. Generally speaking, the redress the law affords for the commission of a wrong is pecuniary compensation. A plaintiff may recover what we call nominal damages, which are really no pecuniary compensation, but which merely ascertain or fix his right or cause of action. *Lord Holt* has well said: "Surely every injury imports a damage, though it does not cost the party one farthing, and it is not impossible to prove the contrary; for a damage is not merely pecuniary, but an injury imports a damage when a man is thereby hindered of his right. As in an action for slanderous words, though a man does not lose a penny by reason of the speaking them, yet he shall have an action. So if a man gives another a cuff on the ear, though it cost him nothing, no, not so much as a little diachylon, yet he shall have his action, for it is a personal injury." *Ashby v. White,* 2 Ld. Raymond, 938 (Smith's L. C., 425). The idea here is, as we see, that there is damage in the contemplation of law, though the injury involves neither loss nor pain, because the man's right to be protected in his person and reputation has been violated. Cooley on Torts (2 Ed.), 69. "When the clear right of a party is invaded in consequence of another's breach of duty, he must be entitled to an action against the party for some amount." *Denman, C. J.,* in *Clifton v. Hooper,* 6 Q. B., 468. It was held in *Fray v. Goules,*

1 El. & El. (102 E. C. L.), 839, that an attorney is liable for compromising his client's suit, contrary to instructions, even though it turned out that he acted with reasonable prudence and *bona fide,* and for the actual benefit of his client, there being no loss whatever, much less an appreciable one. It is only when the gist of the action is damage that the maxim *de minimis non curat lex* applies, and that the law no longer distinguishes between no appreciable damage and no damage at all. *Hale, supra,* 27, 28.

In *Bond v. Hilton,* 47 N. C., 149, the court, in a full discussion of this question, says: "Wherever there is a breach of an agreement, or the invasion of a right, the law infers some damage, and if no evidence is given of any particular amount of loss, it gives nominal damages by way of declaring the right, upon the maxim *Ubi jus, ibi remedium.*" And again, "In every contract implying a duty to be performed, the neglect of that duty gives, in law, a cause of action to the opposite party, under the above maxim, and when the law gives an action it gives damages for the violated right, and if no actual damages be shown, the plaintiff is entitled to nominal damages."

Where there is an invasion of another's right, the cause of action is the wrong, or what we technically call "the injury," which entitles him at least to nominal recompense to vindicate his right, and the consequences which immediately flow from that injury, in the way of loss or damage, are but matters of aggravation. *Hale, supra,* 77. In *Fetter v. Beal,* 1 Salk., 11, plaintiff recovered damage for an assault and battery by which his skull was broken and afterwards, upon the falling out of a piece of his skull, he brought an action for additional damage. The former recovery was held to be a bar to the latter action. *Holt, C. J.,* said: "As to the case of a nuisance by water dropping from the eaves of the house, every new dropping is a nuisance, but here is not a new battery, and in trespass the grievousness or consequence of the

battery is not the ground of the action, but is only the meas-
ure of damages which the jury must be supposed to have
considered at the former trial." In the same case, as reported
in 1 Lord Raym., 692 (and it appears to have been considered
as a very important one and controlling as an authority),
*Lord Holt* further says: "This is a new case to which there is
no parallel in the books. Every one shall recover damages in
proportion to his prejudice which he hath sustained; and if
this matter had been given in evidence, as that which in prob-
ability might have been the consequence of the battery, plain-
tiff would have recovered damages for it. The injury, which
is the foundation of the action, is the battery, and the great-
ness or consequence of that is only in aggravation of dam-
ages. In some cases the damage is the foundation of the
action, as in the action by the master for battery of his ser-
vant, *per quod servitium amisit,* but, here, the battery only is
the foundation of the action, and this damage, which might
probably ensue, might and ought to have been given in evi-
dence, and must be intended to have been given in evidence
in the former action, and that the jury gave damages for all
the hurt that he suffered; for if the nature of the battery was
such as probably to produce this effect, the jury might give
damages for it before it happened." Sedgwick thus states
the rule: "It thus appears that fresh damages merely will
not always give a fresh action, and a judgment in a suit
founded on a single act of tort will be a conclusive bar to a
second suit for the same injury, although harmful conse-
quences have made themselves apparent subsequent to the
first suit; as it will be held that in the first verdict the plain-
tiff recovered all he was entitled to claim. Hence the statute
of limitations runs from the time of the breach." 1 Sedg.
on Damages (8 Ed.), sec. 84. He also states well the dis-
tinction between mere items of damage for a single tort and
the repetition of the trespass or tort itself. "In the case of
a personal injury," says he, "the act complained of is com-

plete and ended before the date of the writ. It is the damage only which continues and is recoverable, because it is traced back to the act; while in the case of a nuisance, it is the act which continues, or, rather, is renewed day by day. The duty which rests upon the wrongdoer to remove a nuisance causes a new trespass for each day's neglect." 1 Sedg., *supra,* sec. 88. The question is fully discussed and the distinctions clearly drawn, by *Battle, J.,* in the leading case of *Moore v. Love,* 48 N. C., 215. See also *Hatchell v. Kimbrough,* 49 N. C., 163.

We do not decide that mental anguish is an element of damage in a case of this kind, but if, for the sake of argument, we concede that it is, the *feme* plaintiff could have had such damages as she was entitled to recover on that account included in her former judgment or settlement. Having elected not to do so, she is precluded now from claiming any such damages. Her right to them, if right she ever had, is merged in the former recovery. She could carve out as large a slice as the law allowed, but she could not cut but once. No one should be twice vexed for the same cause, is a maxim of the law we are not disposed to disregard and which it is well strictly to enforce.

Plaintiff, Albert Eller, also asked for damages for mental anguish caused by defendant's negligence, and it is alleged in the complaint that the two plaintiffs "seek to recover one sum in satisfaction of their several claims for the causes herein set out." If plaintiffs had any valid causes of action against defendant, they could not thus join them. Code, sec. 267. There was no formal objection taken to the misjoinder, but we notice it so that attention may be called to this important provision of the law which is mandatory, and intended to protect a substantial right of defendant, and not merely directory. Plaintiff, Albert Eller, has not stated any cause of action entitling him to recover damages. Those that he claims are, in any view of the case, entirely too remote. De-

fendant did not know of the intended marriage and therefore could not have contemplated any damage to him, even if he would otherwise be entitled to recover. *Cranford v. Tel. Co.,* 138 N. C., 162. The case cited settles the law against his contention.

No Error.