THE ROYAL INSURANCE COMPANY ET AL. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 23 March, 1927.)

**1. Insurance, Fire—Payment of Loss—Subrogation—Actions.**

A fire insurance company which has paid the damages for a fire loss covered by its policy, is subrogated to the rights of the insured to maintain an action against the railroad company for its negligence in setting out the fire which caused the loss.

**2. Issues—Contributory Negligence—Evidence—Appeal and Error.**

Where the evidence is conflicting as to the contributory negligence of the insured in an action to recover damages sustained in the loss of goods by fire, alleged to have been caused by the defendant's negligence, and the issue properly arises in the case, it is error for the trial judge to refuse an issue thereon to the jury.

APPEAL by defendant from *Devin, J.,* at September Term, 1926, of SAMPSON.

Civil action to recover damages for an alleged negligent burning of cotton, insured by plaintiffs and paid for by them under their policies of insurance. Plaintiffs base their right of action on the theory of subrogation. Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the cotton of Bethune-Colwell Company (which was insured by the plaintiffs and loss of which was paid for by them) burned by the negligence of the defendant, as alleged in the complaint? A. Yes.

"2. What damage, if any, are the plaintiffs entitled to recover? A. $9,075.86, with interest from time policies were paid."

From a judgment on the verdict in favor of plaintiffs, the defendant appeals, assigning errors.

*Butler & Herring for plaintiffs.*
*A. McL. Graham and Rountree & Carr for defendant.*

STACY, C. J. In bar of plaintiff's right to recover, the defendant pleads, and, at the trial, offered evidence tending to show that the burning of the cotton in question was due to the contributory negligence of the owner, Bethune-Colwell & Company. In apt time, the defendant tendered the following issue:

"2. Was Bethune-Colwell & Company guilty of negligence which contributed to the damages for which this action is brought to recover, as alleged in the answer?"

His Honor declined to submit this issue, doubtless for the reason that the testimony of a number of the defendant's witnesses was to the effect

that the agents of the assured, Bethune-Colwell & Company, or the owner of the cotton, had cleaned the platform where the cotton was stored, just a short while before the fire, and, hence, if this evidence were believed, no contributory negligence had been shown on the part of the owner. The vice of this ruling lies in the fact that other evidence offered by the defendant was to the contrary. The conflict in the evidence must have been overlooked by the learned judge while busily engaged in the trial of the cause. *Smith v. Coach Line,* 191 N. C., 589; *Shell v. Roseman,* 155 N. C., 90.

On the record, we think the defendant is entitled to have the issue of contributory negligence submitted to the jury. *Wilson v. Bush,* 70 W. Va., 26, 73 S. E., 59; *Svea Ins. Co. v. Vicksburg S. & P. Ry. Co.,* 153 Fed., 774.

In the case last cited it was held (as stated in the first head-note): "An insurance company, which paid a loss to the owners of cotton destroyed by fire, is subrogated to the right of such owners to maintain an action against a railroad company to recover damages, on the ground that the fire was caused by its negligence, such action being subject to the same defenses that might be invoked against the owners of the cotton had it been brought by them."

For the error, as indicated, there must be a new trial, and *it is so ordered.*

New trial.