Civil action to recover damages for an alleged negligent burning of cotton, insured by plaintiffs and paid for by them under their policies of insurance, the plaintiffs basing their cause of action on a subrogation receipt and assignment from the owner of said cotton.
Upon denial of liability and issues joined, the jury returned the following verdict:
"1. Are the plaintiffs, by paying the value of the cotton insured by them to Bethune, Colwell Co., subrogated to the rights and remedies of the said Bethune, Colwell Co., against the defendant railroad company? Answer: Yes.
2. Was the cotton of Bethune, Colwell Co., which was insured by plaintiffs and loss of which was paid for by them, burned by the negligence of the defendant, as alleged in the complaint? Answer: Yes.
3. Was Bethune, Colwell Co., guilty of contributory negligence, as alleged in the answer? Answer: No. *Page 519 
4. What damages, if any, are plaintiffs entitled to recover? Answer: $9,075.86."
From a judgment on the verdict, both plaintiffs and defendant appeal, assigning errors.
PLAINTIFFS' APPEAL.
The plaintiffs present the single question as to whether they are entitled, as a matter of right, to interest on the amount of damages assessed from the date of the destruction of the property? We think not, for, under the decisions in this jurisdiction, the allowance of interest in such cases rests in the sound discretion of the jury.
The case was tried upon the theory that the plaintiffs, as subrogees, were entitled to recover, if entitled to recover at all, the fair market value of the cotton at the time and place of its destruction, plus interest thereon, if the jury, in its discretion, should so award, the total recovery of plaintiffs, however, not to exceed the amounts paid under their policies. 25 R. C. L., 1388. The jury awarded no interest, either as such or as a part of the damages, hence, under our decisions, the damages fixed by the jury, being, as they are, for tortious or wrongful destruction of property, do not, as a matter of law, bear interest until after judgment.Harper v. R. R., 161 N.C. 451, 77 S.E. 415; Devereaux v. Burgwin,33 N.C. 490; Rippey v. Miller, 46 N.C. 480; Guano Co. v. Magee,86 N.C. 351; Williams v. Lumber Co., 118 N.C. 928, 24 S.E. 800; Lancev. Butler, 135 N.C. 419, 47 S.E. 488; Stephens v. Koonce, 103 N.C. 266,9 S.E. 315; Hoke v. Whisnant, 174 N.C. 660, 94 S.E. 446; Chatham v.Mecklenburg Realty Co., 174 N.C. 675, 94 S.E. 447; Acme Mfg. Co. v.McQueen, 189 N.C. 311, 127 S.E. 246; Sears, Roebuck Co. v. RouseBanking Co., 191 N.C. 506, 132 S.E. 468; Wilson v. Troy, 135 N.Y. 96; 18 L.R.A., 449; 17 C. J., 824.
The question, therefore, as to whether the plaintiffs, under the equitable doctrine of subrogation, would be entitled to interest on the amounts paid under their policies from the dates of such payments, cannot arise as the amount of damages awarded by the jury is only equal to the principal sums paid by the plaintiffs without interest. Herring v. R. R.,189 N.C. 285, 127 S.E. 8. The right of subrogation, it should be remembered, is not founded on contract, but is a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. Memphis, etc., R. R. v. Dow, 120 U.S. 287.
The plaintiffs are not demanding a new trial on the issue of damages, but an allowance of interest by the court as a matter of right. It is *Page 520 
sufficient to say that as the matter was discretionary with the jury, the plaintiffs are entitled to recover no more than the verdict awards. Ins.Co. v. R. R., 193 N.C. 404, 137 S.E. 309; S. c., 195 N.C. 693,143 S.E. 516.
On plaintiffs' appeal, therefore, there is no error.
DEFENDANTS' APPEAL.