SECURITY FIRE & INDEMNITY COMPANY AND E. B. STONE FINANCE COMPANY, INC., v. WALTER J. BARNHARDT.

(Filed 11 May, 1966.)

Insurance § 53—    Insurer's right of subrogation must be based on payment made to insured or to insured's assignee.

Allegations that the owner of a damaged car released his interest in the car to a finance company, that the finance company paid the deductible portion of the policy of collision insurance, and that the owner's insurer then paid the finance company the remainder of the damages, *held* insufficient to show a right in the finance company and the insurer to sue the alleged tort-feasor under the doctrine of subrogation, since the right of the insurer to subrogation must be based upon a payment by it to insured, and the finance company was not an insurer under the policy and there was no allegation of any loss payable clause to it, or allegation that the insured's claim had been assigned to either the finance company or the insurer.

MOORE, J., not sitting.

APPEAL by plaintiffs from *Walker, Special J.,* November Session 1965 CABARRUS Superior Court.

The plaintiffs alleged that on the 14th day of May, 1962 a 1956 Chevrolet automobile of one Orville H. Kiser was damaged when

three cows, owned by the defendant Barnhardt, suddenly appeared in the path of the car on the highway and that a collision resulted. They further allege that the defendant was negligent in permitting the cows to be loose from the pasture and that the car was damaged to the extent of $385.79. The complaint also alleged that on this occasion the car was insured by Security Fire & Indemnity Company (Security) against loss from damage by collision or upset, and that it thereby became liable to Kiser; that Kiser released his interest in the Chevrolet automobile to the plaintiff, E. B. Stone Finance Company, Inc. (Finance), that Finance paid the deductible portion under the policy and that Security then paid Finance $335.79 for damages to the automobile. Security and·Finance alleged that under the above circumstances the defendant, Barnhardt, became indebted to them in the amount of $385.79 and sued to recover that amount, plus attorney's fees. The plaintiffs did not attach a copy of the insurance policy and gave no quotations from it except those shown above.

The defendant demurred to the complaint upon the grounds; (1) that any cause of action accrued to Kiser who was not a party; (2) the alleged interest of Finance arises from a release which is illegal; (3) alleged interest of Security arises from payment to Finance which gave no right of subrogation or cause of action against the defendant. The court sustained the demurrer and the plaintiffs appealed.

*Hartsell, Hartsell & Mills by J. Maxton Elliott Attorneys for the appellants.*

*Williams, Willeford & Boger by John Hugh Williams Attorneys for defendant appellee.*

PLESS, J. The right of the plaintiffs to sue Barnhardt is based upon their allegation that Kiser "released his interest" in the automobile to the plaintiff Finance; that it paid the deductible portion (but did not name the payee) "whereupon Security paid Finance $335.79 for damages to the said 1956 Chevrolet automobile." For the insurer to become subrogated to any right of action which the insured may have against the third party, the payment must be to the insured under the policy. Finance was not an insured under the policy and the complaint does not allege any loss payable clause to it. Further, we assume, as a matter of mathematics, that Finance paid somebody $50.00 and that the insurance company paid the remainder of the alleged loss $335.79. There is no allegation that Kiser's claim was assigned to either of the plaintiffs.

---

The law applicable to a case of this type may be summarized as follows:

(1) A single and indivisible cause of action arises against the tort-feasor for the total amount of the loss. *Insurance Co. v. Motor Lines,* 225 N.C. 588, 35 S.E. 2d 879.

(2) The insurance company can become subrogated to the rights of the insured against the tort-feasor only when it pays the *insured,* not some third party. *Insurance Co. v. Railroad,* 193 N.C. 404, 137 S.E. 309.

(3) The insurance company becomes a necessary party plaintiff and must sue in its own name to enforce its right of subrogation where it has paid the *insured* the loss in full. *Insurance Co. v. Lumber Co.,* 186 N.C. 269, 119 S.E. 362.

(4) The insured is a necessary party plaintiff where the insurance company has paid only a portion of the loss. *Powell v. Water Co.,* 171 N.C. 290, 88 S.E. 426.

The above statements are summarized in a different fashion and more fully by Ervin, J., in *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.

The action of the lower court in sustaining the demurrer is Affirmed.

MOORE, J., not sitting.