HARRIS-TEETER SUPER MARKETS, INC., PLAINTIFF v. JACK RANKIN WATTS, JR., CONNIE P. WALLACE, AND RODNEY E. WALLACE, DEFENDANTS

No. 8927SC724

(Filed 16 January 1990)

**Assignments § 1 (NCI3d)— personal injury action—no assignment to insurer allowed**

The trial court properly entered summary judgment for defendant tortfeasor in plaintiff insurer's action based on the theory of equitable subrogation, since there could be no assignment of rights arising out of a cause of action for the personal injury of insureds' dependent.

**Am Jur 2d, Assignments § 37; Insurance § 1902.**

APPEAL by plaintiff from order entered 3 April 1988 by *Judge James U. Downs* in GASTON County Superior Court. Heard in the Court of Appeals 6 December 1989.

Defendant John Rankin Watts, Jr. drove a motor vehicle which struck Bradley James Wallace, the son of defendants Connie P.

Wallace and Rodney E. Wallace. Bradley Wallace suffered bodily injuries and his parents incurred expenses for medical attention and hospitalization. At the request of Rodney E. Wallace, an employee of the plaintiff, the plaintiff provided, through a self-funded employee benefit program, benefits in excess of $10,000 for medical expenses related to Bradley's injuries.

In a separate action, Bradley Wallace, through his guardian ad litem Connie P. Wallace, seeks to recover damages from defendant Watts for personal injuries sustained by the minor child. The guardian ad litem failed and refused to assert a claim specifically for medical expenses related to the injury. The plaintiff was denied leave to intervene in that action when plaintiff attempted to assert its claim for reimbursement of medical expenses which plaintiff paid for the child's injuries.

Plaintiff then filed this action and defendant Jack Rankin Watts, Jr. filed a motion to dismiss the action as to him pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that the complaint failed to state a claim upon which relief can be granted. The Superior Court granted the motion to dismiss the action as to defendant Watts. Plaintiff appeals.

*James, McElroy & Diehl, P.A., by Judith E. Egan, for plaintiff-appellant.*

*Stott, Hollowell, Palmer & Windham, by Lin B. Hollowell, Jr., for defendant-appellee Jack Rankin Watts, Jr.*

LEWIS, Judge.

Plaintiff asserts that "[t]he defendant Watts is primarily liable for the medical expenses which were paid by the plaintiff, and those medical expenses are the defendant Watts' obligation." The plaintiff had already "demanded" that defendants "Rodney and/or Connie P. Wallace assert a claim against the defendant Watts for recovery of the medical expenses" which plaintiff paid but the Wallaces had "failed and refused" to do so. This appeal does not address any claims which plaintiff may have against defendants Connie P. Wallace and Rodney E. Wallace.

This appeal challenges the granting of a motion pursuant to Rule 12(b)(6) which allows the dismissal of an action for "failure to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, the Court "must take as true the facts alleged"

[*Ladd v. Estate of Kellenberger*, 314 N.C. 477, 479, 344 S.E.2d 751, 753 (1985)] and should not dismiss the complaint "unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim" [*Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979)].

Plaintiff contends that "[t]he trial court erred in dismissing the action as against the defendant Watts, because the complaint states a claim for relief against . . . him." Plaintiff's argument is based on (1) "the equitable principle of subrogation" and (2) plaintiff's alleged lack of an alternate "remedy for the losses it suffered as a result of defendant Watts' negligence."

## I: Equitable subrogation

Equitable subrogation is "a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it" and "arises when one person has been compelled to pay a debt which ought to have been paid by another and for which the other was primarily liable." *Beam v. Wright*, 224 N.C. 677, 683, 32 S.E.2d 213, 218 (1944). Defendant contends: "To allow plaintiff equitable subrogation rights against the defendant would in effect allow an assignment of rights arising out of an alleged cause of action for personal injury, which is contrary to the law of North Carolina." Since, in a subrogation action, the rights of the insurer succeed only to the rights of the insured and no new cause of action is created, then, in the case at bar, the alleged "equitable subrogation" can be regarded as an "equitable assignment" of the rights of Rodney and Connie Wallace, the insured defendants, against the tortfeasor defendant, Jack Rankin Watts, Jr. Therefore, defendant Watts says this action is based on an assignment of rights arising out of a cause of action for the personal injury of the insured's dependent. The law of North Carolina is clear in its statement "that few legal principles are as well settled, and as universally agreed upon, as the rule that the common law does not permit assignment of causes of action to recover for personal injuries." *N.C. Baptist Hospitals, Inc. v. Mitchell*, 323 N.C. 528, 534, 374 S.E.2d 844, 847 (1988), *citing* Annotation, *Assignability of claim for personal injury or death*, 40 A.L.R.2d 500, 502 (1955). Such an assignment is considered to be "invalid as contrary to public policy." *N.C. Baptist Hospitals, Inc. v. Mitchell*, 88 N.C. App. 263, 266, 362 S.E.2d 841, 843 (1987), *aff'd*, 323 N.C. 528, 374 S.E.2d 844 (1988). Plaintiff cites cases in its

brief from "a variety of circumstances" to support its theory of equitable subrogation; however, none of these cases involve personal injury claims brought by the insurer against the tortfeasor, as here.

Plaintiff further discusses the possibility that plaintiff's payment to the insured may not have covered the "entire loss" of the insured. "Presumably, the plaintiff did not pay the parents' entire loss, since their loss includes the expected services and earnings of the minor child, if any, and discovery may reveal that the parents incurred some out of pocket medical expenses." If an action for "equitable subrogation" were allowed in this case, and the insured brought an action against the tortfeasor for the above-mentioned expenses, then there would be two suits against the tortfeasor based on identical causes of action. Under North Carolina law, a plaintiff is entitled to "one compensation for all loss and damage, past and prospective, which were the certain and proximate results of the single wrong or breach of duty," and "[t]he demand cannot be split and several actions maintained for the separate items of damage." *Eller v. Railroad,* 140 N.C. 140, 142, 52 S.E. 305, 306 (1905). *See also Security Fire & Indem. Co. v. Barnhardt,* 267 N.C. 302, 148 S.E.2d 117 (1966). The trial court correctly dismissed this action against the defendant Watts.

## II: Alleged lack of an alternate remedy

Plaintiff contends in its brief: "If the court affirms the dismissal of this action, the plaintiff will be left without a remedy for the loss it suffered as a result of the defendant Watts' negligence." This Court will not direct anyone as to how to pursue possible remedies at law. Plaintiff is pursuing an opportunity to recover its loss under contract principles, presumably, in plaintiff's employee benefit program. Plaintiff could have appealed from the denial of its attempt to intervene in the prior related suit. If plaintiff had chosen to appeal that decision, any rights which the plaintiff may have against the defendant Watts could have been determined in that prior suit. Plaintiff, however, failed to perfect its appeal in the earlier related action.

Affirmed.

Judges JOHNSON and COZORT concur.