HARRIS-TEETER SUPER MARKETS, INC., Plaintiff v. JACK RANKIN WATTS, JR., CONNIE P. WALLACE, and RODNEY E. WALLACE, Defendants

No. 8927SC1141

(Filed 5 June 1990)

1. **Assignments § 2 (NCI4th)— personal injury action—not assignable**

The trial court did not err by granting a motion by the defendants Wallace for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action in which plaintiff was attempting to recover from defendant Watts sums paid to defendants Wallace under an employee benefit plan for injuries suffered by their son and caused by defendant Watts. Although plaintiff contended that the Wallaces were necessary parties in the subrogation claim against Watts, allowing plaintiff equitable subrogation rights against defendants Wallace would in effect allow an assignment of rights arising out of an alleged cause of action for personal injury, which is contrary to the law of North Carolina.

**Am Jur 2d, Assignments § 37.**

2. **Contracts § 25.1 (NCI3d)— employee benefit plan—medical expenses for injured son—refusal to provide lien to repay—breach of contract**

Plaintiff stated a claim for breach of contract and defendants' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) should not have been granted where defendants obtained payments for their son's medical expenses caused by a third party from plaintiff under an employee benefit plan and then refused to make a written agreement and failed to provide a lien to repay plaintiff from any judgment or settlement received.

**Am Jur 2d, Master and Servant § 397; Restitution and Implied Contracts §§ 3, 10, 153.**

3. **Quasi Contracts and Restitution § 1.2 (NCI3d)— employee benefit plan—expenses for injuries caused by third person—refusal to assist claim against third party—unjust enrichment**

Plaintiff presented a valid claim for unjust enrichment upon which relief might be granted in an action in which de-

fendants obtained from plaintiff under an employee benefit plan medical expenses for injuries caused to their son by a third party but did not assert, assist, or cooperate in a claim against the third party for those expenses.

**Am Jur 2d, Master and Servant § 397; Restitution and Implied Contracts §§ 3, 10, 153.**

APPEAL by plaintiff from order entered 19 July 1989 by *Judge J. Marlene Hyatt* in GASTON County Superior Court. Heard in the Court of Appeals 2 May 1990.

Defendant John Rankin Watts, Jr. drove a motor vehicle which struck Bradley James Wallace, the son of defendants Connie P. Wallace and Rodney E. Wallace. Bradley Wallace suffered bodily injuries and his parents incurred expenses for medical attention and hospitalization. At the request of Rodney E. Wallace, an employee of the plaintiff, the plaintiff provided, through a self-funded employee benefit program, benefits in excess of $10,000 for medical expenses related to Bradley's injuries.

In a separate action, Bradley Wallace, through his guardian ad litem Connie P. Wallace, seeks to recover damages from defendant Watts for personal injuries sustained by the minor child. The guardian ad litem failed and refused to assert a claim specifically for medical expenses related to the injury. The plaintiff was denied leave to intervene in that action when plaintiff attempted to assert its claim for reimbursement of medical expenses which plaintiff paid for the child's injuries and did not appeal.

Plaintiff then filed this action and defendants Connie P. and Rodney E. Wallace filed a motion to dismiss the action as to them pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that the complaint failed to state a claim upon which relief can be granted. The Superior Court granted the motion to dismiss the action as to these defendants. Plaintiff appeals.

*James, McElroy & Diehl, P.A., by Judith E. Egan, for plaintiff-appellant.*

*No counsel for appellee on appeal nor any pro se appearance.*

LEWIS, Judge.

This appeal challenges the granting of a motion pursuant to Rule 12(b)(6) which allows the dismissal of an action for "failure to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, the Court "must take as true the facts alleged," *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 479, 334 S.E.2d 751, 753 (1985), and should not dismiss the complaint "unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979).

Plaintiff states that the trial court erred in dismissing this action as against the defendants Connie and Rodney Wallace because the complaint and amended complaint state one or more claims for relief against them. This appeal does not address the claims which plaintiff alleged against defendant Jack Rankin Watts, Jr. in the prior action, *Harris-Teeter v. Watts*, which was heard in this Court on 6 December 1989, 97 N.C. App. 101, 387 S.E.2d 203 (1990).

There are three possible "claims for relief," according to plaintiff, which would permit plaintiff "to [have] its day in court."

## I. Equitable subrogation.

[1] Plaintiff states that the Wallaces "are necessary parties in the subrogation claim" against Watts. He quotes verbatim his argument for equitable subrogation which he had included in his brief in the prior related appeal, *Harris-Teeter v. Watts*, *id.* In that action, this Court agreed with the statement by the defendant: "To allow plaintiff equitable subrogation rights against the defendant would in effect allow an assignment of rights arising out of an alleged cause of action for personal injury, which is contrary to the law of North Carolina." *Id.* at 103, 387 S.E.2d at 205. The law of North Carolina is clear in its statement "that few legal principles are as well settled, and as universally agreed upon, as the rule that the common law does not permit assignments of causes of action to recover for personal injuries." *N. C. Baptist Hospitals v. Mitchell*, 323 N.C. 528, 534, 374 S.E.2d 844, 847 (1988), *citing* Annot., 40 A.L.R.2d 500, 502 (1955). (Emphasis deleted.) We did not allow plaintiff's subrogation claim in the prior related action and it is likewise rejected in the case at bar.

HARRIS-TEETER SUPER MARKETS v. WATTS

[98 N.C. App. 684 (1990)]

## II. Breach of contract.

[2]  Plaintiff described the alleged "contract" between plaintiff and defendants in his amended complaint.

> The group plan contains a provision which applies when . . . a dependent covered under the plan is injured through the act . . . of another person: the Plaintiff will advance benefits under the plan only on condition that the employee or a dependent agrees in writing to repay the Plaintiff in full any sums advanced to cover such expenses from the judgment or settlement the employee or a dependent receives and to provide the Plaintiff with a lien to repay the Plaintiff to the extent of medical benefits advanced by the Plaintiff.

Neither the record on appeal nor plaintiff's brief contain a copy of the actual contract or a quotation of the exact contract language. However, since defendants failed to file an answer to the amended complaint which contained the quote above, the court, on a 12(b)(6) motion, must take as true the facts as alleged.

Defendants here obtained, after applying under the agreement, sums in excess of $10,000 for medical expenses for injuries caused by a third party. Defendants thereby accepted the terms offered in that provision of the plan. Acceptance of an offer by conduct is a valid acceptance. *Snyder v. Freeman*, 300 N.C. 204, 218, 266 S.E.2d 593, 602 (1980). Defendants refused to make a written agreement and failed to provide a lien to repay the plaintiff. They have given plaintiff clear notice by their unequivocal conduct that they will not honor the repayment provision of the benefit plan, and their actions constitute a repudiation and a breach of the contract. *Millis Constr. Co. v. Fairfield Sapphire Valley*, 86 N.C. App. 506, 358 S.E.2d 566 (1987). Plaintiff has therefore stated a claim against defendants for breach of contract.

## III. Unjust enrichment.

[3]  Plaintiff alleges that defendants have been unjustly enriched in that they have retained the benefits of plaintiff's payments "without asserting, assisting, or cooperating in a claim against Watts for medical expenses." Plaintiff further states that defendants are primarily liable for these medical expenses because of their obligation to provide for the support of their minor child. *Alamance County Hosp. v. Neighbors*, 315 N.C. 362, 365, 338 S.E.2d 87, 89 (1986). We agree with plaintiff's statement in his amended com-

plaint: that defendants "have taken advantage of the group plan benefits without complying with the express or implied provisions or the spirit of the plan which provides for the Plaintiff in situations such as this, to recoup its losses when a third party causes injuries to covered persons." Plaintiff has presented a valid claim upon which relief *may* be granted.

The trial court erred in dismissing this action against the defendants because the complaint and amended complaint state two claims, (1) breach of contract, and (2) unjust enrichment, upon which relief may be granted. This action is hereby remanded for further proceedings on the merits of plaintiff-appellant's claims.

Reversed and remanded.

Judges ORR and GREENE concur.