**NATIONWIDE MUT. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.**

[109 N.C. App. 281 (1993)]

NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFF v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANT

No. 9114SC1208

(Filed 2 March 1993)

**Insurance § 464 (NCI4th) — underinsured motorist coverage — rights of carrier advancing policy limits**

    The trial court did not err by granting summary judgment for defendant where Linda Reavis was injured in an automobile collision between her vehicle and a vehicle driven by Barbara Swartz; Reavis was covered by a liability policy issued by plaintiff which provided for liability insurance limits and underinsured limits of $100,000 per claimant and $300,000 per accident; Swartz was insured by a policy issued by defendant which provided liability coverage of $25,000 per claimant and $50,000 per occurrence; defendant tendered its policy limits of $25,000; plaintiff agreed to advance $25,000 on behalf of defendant toward the settlement of the claim in order to preserve its right to subrogation; Reavis' claim was settled for $40,000; and defendant refused to reimburse plaintiff for the $25,000 advancement, claiming that plaintiff had acquired by subrogation only the rights of its insured and was thus barred by the statute of limitations. Although plaintiff asserts that defendant's tender created a direct and independent relationship between the insurance companies, N.C.G.S. § 20-279.21(b)(4) mentions only the rights of assignment and subrogation and *State Farm Mut. Auto. Ins. Co. v. Blackwelder*, 332 N.C. 135, does not at any point address any right other than subrogation.

**Am Jur 2d, Automobile Insurance §§ 322, 442.**

    Appeal by plaintiff from summary judgment granted 18 September 1991 by Judge Coy E. Brewer in Durham County Superior Court. Heard in the Court of Appeals 10 November 1992.

*Reynolds, Bryant, Patterson & Covington, P.A., by Lee A. Patterson, II, for plaintiff-appellant.*

*DeBank, McDaniel & Anderson, by Douglas F. DeBank, for defendant-appellee.*

LEWIS, Judge.

The sole issue raised by this appeal is whether a provider of underinsured motorist coverage who advances the policy limits of the liability carrier obtains an independent and separate right of reimbursement or is limited to the rights of the claimant to which it is subrogated. On the facts presented, we hold that an underinsured motorist carrier does not obtain an independent and separate right of reimbursement and we thereby affirm the decision of the trial court.

The facts of this case are that on 5 March 1987, Linda Carol Reavis ("Reavis") was injured in an automobile collision between the vehicle she was driving and a vehicle driven by Barbara Joyce Swartz ("Swartz"). Reavis, at the time of the accident, was covered by a liability insurance policy issued by Nationwide Mutual Insurance Company ("Nationwide") which provided for liability insurance limits and underinsured motorist coverage limits of $100,000 per claimant and $300,000 per accident. Swartz was insured by a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") which provided liability coverage in the amount of $25,000 per claimant and $50,000 per occurrence.

State Farm, after conducting an investigation of the accident, tendered its policy limits of $25,000. Nationwide was subsequently notified of State Farm's tender and Nationwide, thereafter, agreed to advance $25,000 on behalf of State Farm toward the settlement of Reavis' claim in order to preserve its right to subrogation pursuant to N.C.G.S. § 20-279.21(b)(4). On 24 February 1988, Reavis' claim was finally settled for $40,000. The settlement amount consisted of the $25,000 advanced by Nationwide on behalf of State Farm and an additional $15,000 of underinsured motorist coverage. Contemporaneous with the settlement, Reavis executed a Release and Trust Agreement in favor of Nationwide, releasing all of her claims against Nationwide, promising to undertake any action deemed necessary by Nationwide for the recovery of damages suffered due to the accident, and agreeing to hold in trust for Nationwide any sums received from State Farm as a result of the accident.

After the execution of the Release and Trust Agreement, representatives of Nationwide and State Farm engaged in correspondence regarding the reimbursement of Nationwide by State Farm. On 21 February 1991, after State Farm had refused to reimburse Nationwide for the $25,000 advancement, Nationwide filed

**NATIONWIDE MUT. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.**

[109 N.C. App. 281 (1993)]

this action. State Farm filed its answer on 27 March 1991, asserting that Nationwide acquired by way of subrogation, only the rights of its insured, Reavis, and that Nationwide was thus barred by the appropriate statute of limitations for having failed to bring its action on or before 5 March 1990. Both parties moved for summary judgment and on 18 September 1991, the trial court granted summary judgment in favor of State Farm and dismissed the action. Nationwide gave notice of appeal on 9 October 1991.

The rules regarding summary judgment are well established and need not be repeated here, because as Nationwide conceded in its brief, if the claim of an underinsured motorist carrier arises only by subrogation then it is barred by the statute of limitations. However, Nationwide asserts that State Farm's tender created a direct and independent relationship between the insurance companies. In support of its argument, Nationwide directs our attention to § 20-279.21(b)(4) and asserts that this section presumes reimbursement by the liability carrier.

N.C.G.S. § 20-279.21(b)(4) (Cum. Supp. 1992) provides in pertinent part:

An underinsured motorist insurer may at its option, upon a claim pursuant to underinsured motorist coverage, pay moneys without there having first been an exhaustion of the liability insurance policy covering the ownership, use, and maintenance of the underinsured highway vehicle. In the event of payment, the underinsured motorist insurer shall be either: (a) entitled to receive by assignment from the claimant any right or (b) subrogated to the claimant's right regarding any claim the claimant has or had against the owner, operator, or maintainer of the underinsured highway vehicle, . . . . No insurer shall exercise any right of subrogation or any right to approve settlement with the original owner, operator, or maintainer of the underinsured highway vehicle under a policy providing coverage against an underinsured motorist where the insurer has been provided with written notice before a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured in an amount equal to the tentative settlement within 30 days following receipt of that notice. Further, the insurer shall have the right, at its election, to pursue its claim by assignment or subrogation in the name of the claimant, and the insurer shall not be

denominated as a party in its own name except upon its own election.

We have reviewed this statutory language and we find nothing that would support Nationwide's assertion that an independent relationship arose between insurers as a result of State Farm's tender. Nor do we agree with Nationwide that reimbursement by the liability carrier is presumed within the statute. Instead, we find the language of § 20-279.21(b)(4) mentions only the rights of assignment and subrogation, and the only right at issue in the present case is that of subrogation.

As additional support for its argument that an independent cause of action arises upon the advancement of policy limits, Nationwide relies on *State Farm Mut. Auto. Ins. Co. v. Blackwelder*, 332 N.C. 135, 418 S.E.2d 229 (1992). In *Blackwelder*, our Supreme Court addressed the question of whether an underinsured motorist carrier is barred from pursuing its own claim against the liability carrier once a release is obtained on the underlying claim of the insured. In answering the question in the negative, the Supreme Court held that the underinsured motorist carrier was pursuing its own subrogated claim which had passed by operation of law. At no point in the Court's opinion did the Supreme Court address any right other than subrogation. In addition, the *Blackwelder* Court did not even address the statute of limitations. As a result, we find the only right which Nationwide could have asserted was its right to subrogation.

Subrogation has been defined as an "equitable remedy in which one steps into the place of another and takes over the right to claim monetary damages to the extent that the other could have." *Payne v. Buffalo Reinsurance Co.*, 69 N.C. App. 551, 554, 317 S.E.2d 408, 410 (1984). This Court has also stated that "in a subrogation action, the rights of the insurer succeed only to the rights of the insured and no new cause of action is created. . . ." *Harris-Teeter Super Markets, Inc. v. Watts*, 97 N.C. App. 101, 103, 387 S.E.2d 203, 205 (1990). By advancing the primary insurance limits to Reavis, Nationwide became subrogated to the rights of Reavis and stepped into her shoes.

Reavis' cause of action accrued on 5 March 1987, the date of the accident, but was barred by the statute of limitations as of 5 March 1990. We, therefore, affirm the order of the trial

**IN RE TRISCARI CHILDREN**

[109 N.C. App. 285 (1993)]

court granting summary judgment in favor of State Farm and dismissing the action.

For the foregoing reasons we

Affirm.

Judges JOHNSON and COZORT concur.